IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION

KELLI BRANYAN                                                                                         PLAINTIFF

V.                                              3:06CV00152 JMM

JO ANNE B. BARNHART,
Commissioner
Social Security Administration                                                               DEFENDANT

### ORDER

Plaintiff has appealed the final decision of the Commissioner of the Social Security Administration (the "Commissioner") denying her claim for Disability Insurance Benefits ("DIB") under Title II of the Social Security Act (the "Act") and Supplemental Security Income Benefits ("SSI") under Title XVI 42 U.S.C. § 416(1).   Plaintiff filed an application for DIB and SSI on April 19, 2004.  She alleged disability since August 1, 2003 due to a bipolar disorder, panic attacks with anxiety and depression.  After the applications were denied initially and upon reconsideration, Plaintiff requested an ALJ hearing.  This hearing was held before the Honorable David Manley on May 4, 2006.

On June 30, 2006 the ALJ issued a decision denying Plaintiff benefits.  (Tr. 13-19). The ALJ found that the Plaintiff was not disabled because she could perform work available in significant numbers in the national economy.  After the Appeals Council declined review, this complaint was filed. The parties have briefed the issues.

In this judicial review, the Court must determine whether there is substantial evidence in the administrative record to support the Commissioner's decision.  42 U.S.C. § 405(g).  This review function is extremely limited.  The Court's function on review is to determine whether the Commissioner's decision is supported by substantial evidence on the record as a whole and

whether it is based on legal error. *Long v. Chater*, 108 F.3d 185, 187 (8th Cir. 1997); *see also*, 42 U.S.C. § 405(g). Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales,* 402 U.S. 389, 401 (1971). In assessing the substantiality of the evidence, the Court must consider evidence that supports it; the Court may not, however, reverse the Commissioner's decision merely because substantial evidence would have supported an opposite decision. *Woolf v. Shalala,* 3 F.3d 1210, 1213 (8th Cir. 1993).

At the time of the hearing, Plaintiff was 28 years old and reported that she had a high school education. (Tr. 219). She previously held jobs as a home health care aid, a medical billing clerk, a secretary and a dispatcher. (T. 227-29). A vocational expert, Beth Clem, testified at Plaintiff's hearing that the work Plaintiff had done in the past as a billing secretary was the only work done for any length of time and is skilled work at a sedentary exertional level. (Tr. 237).

The ALJ evaluated the evidence in Plaintiff's case by way of a sequential evaluation process established by the Social Security Administration.[1] 20 C.F.R. §§ 404.1520 and 416.920.

---

[1] In determining whether a claimant is entitled to disability benefits, the ALJ performs a five-step sequential analysis. 20 C.F.R. §§ 404.1520, 416.920. At the first step, the claimant must establish that he has not engaged in substantial gainful activity. The second step requires that the claimant prove he has a severe impairment that significantly limits his physical or mental ability to perform basic work activities. If, at the third step, the claimant shows that his impairment meets or equals a presumptively disabling impairment listed in the regulations, the analysis stops and the claimant is automatically found disabled and is entitled to benefits. If the claimant cannot carry this burden, however, step four requires that the claimant prove he lacks the residual functional capacity to perform his past relevant work. Finally, if the claimant establishes that he cannot perform his past relevant work, the burden shifts to the ALJ at the fifth step to prove that there are other jobs in the national economy that the claimant can perform. *See id.* §§ 404.1520, 416.920.

First, the ALJ found that Plaintiff had not engaged in any substantial gainful activity since the alleged onset of her disability (Tr.13, 18).  Next, the ALJ found that the record established that the Plaintiff has "severe" impairments including, bipolar I disorder, mixed, recurrent, severe; and anxiety disorder.  However, the ALJ found that she did not have an impairment or combination of impairments listed in, or medically equal to one listed in Appendix 1, Subpart P. Regulations No. 4.   (Tr. 14, 18).

As a result of Plaintiff's metal impairments, the ALJ determined that the Plaintiff is restricted to work where interpersonal contact is incidental to the work performed, the complexity of tasks is learned and performed by rote, involved few variables and is simple, direct and concrete. (Tr.  18).  Although the Plaintiff was found to be unable to perform her past relevant work as a billing secretary, the ALJ determined that Plaintiff retained the residual functional capacity for unskilled work with no physical limitations.  (Tr. 19).   Vocational testimony established that significant numbers of jobs exist in the national economy which the Plaintiff could be expected to perform.   Thus, Plaintiff was found not to be under a "disability" as defined in the Social Security Act at any time through the date of the decision.

Plaintiff contends that the ALJ erred in assessing her credibility because he failed to articulate specific reasons supported by substantial evidence which undermine Plaintiff's credibility.  The Court finds the ALJ's opinion to be complete and well reasoned.  The ALJ recited the relevant standards for assessing credibility and noted that the Plaintiff's subjective allegations were not borne out by the record.  The ALJ discussed the Plaintiff's work record which showed no or minimal earnings for several years.  He found that her work record "does not add to her credibility."   *See, Pearsall v. Massanari*, 274 F. 3d 1211, 1218 (8th Cir. 2001) ( a lack

of work history may indicate a lack of motivation to work rather than a lack of ability).  The ALJ also considered the Plaintiff's use of medications.  He noted that the Plaintiff experienced side effects, but found that she was not fully credible regarding the extent to which she alleged medication side effects.  Additionally, the ALJ noted that the Plaintiff was sometimes non-compliant.  *See, Guilliams v. Barnhart*, 393 F.3d 798, 802 ( failure to follow a recommended course of treatment weighs against a claimant's credibility).  The ALJ also considered the Plaintiff's daily activities and noted that her activities of daily living were only mildly restricted; she is able to care for her own personal needs and the needs of her three young children.  The Court finds that the ALJ properly supported his findings that Plaintiff's testimony lacked credibility.  *See, Dunahoo v. Apfel*, 241 F.3d 1033, 1038 ( 8th Cir. 2001)( If the ALJ discredits a claimant's credibility and gives a good reason for doing so, [the court] will defer to its  judgment even if every factor is not discussed in depth).

The Court finds that the ALJ considered Plaintiff's mental limitations, evaluated Plaintiff's subjective complaints in light of *Polaski v. Heckler,* 739 F.2d 1320 (8th Cir. 1984) and made express credibility findings and gave reasons for discrediting the Plaintiff's testimony. *E.g., Shelton v. Chater*, 87 F.3d 992, 995 (8th Cir. 1996).  "To require a more elaborate articulation of the ALJ's thought processes would not be reasonable."  *Gooch v. Secretary of H.H.S.,* 833 F.2d 589, 592 (6th Cir. 1987), *cert. denied*, 484 U.S. 1075 (1988).

Plaintiff also contends that the ALJ's residual functional capacity determination is legally deficient because the ALJ failed to address the Plaintiff's ability to perform sustained work activity, failed to consider all of Plaintiff's impairments, failed to consider the side-effects from Plaintiff's medications and the findings are not supported a treating physicians assessment of

Plaintiff's abilities.  The determination of "residual functional capacity is based on all the evidence in the record, including 'the medical records, observations of treating physicians and others, and an individual's own description of his limitations.'" *Krogmeier v. Barnhart,* 294 F.3d 1019, 1024 (8th Cir. 2002).  The ALJ considered the entire record and found that as a result of her mental impairments, the Plaintiff is restricted to work where interpersonal contact is incidental to the work performed, the complexity of the tasks is learned and performed by rote, involves few variables and is simple direct and concrete. (Tr. 18).  The ALJ's determination is consistent with the medical findings reported by Dr. Brad Williams, Ph.D. and Dr. Dan Donahue, Ph.D.  (Tr. 107).  Following a review of Plaintiff's medical records, these doctors found that Plaintiff "is able to perform work where interpersonal contact is incidental to work performed, e.g. assembly work; complexity of tasks is learned a dn performed by rote, few variables, little judgment; supervision required is simple." (Tr. 107).  The ALJ addressed Plaintiff's medical history in detail in his opinion along with Plaintiff's use of medication and the side effects experienced from the medication. (Tr. 14-16).  He noted that Plaintiff's activities of daily living were only mildly restricted, she cares for her own personal needs and to those of her three young children.  The ALJ also noted that although Plaintiff has difficulty getting along with others because of anger and anxiety, she has been married twice and testified at the hearing that she was able to get along with others to a certain extent.  The ALJ found that as a result of her mental limitations, she was limited in her ability to carry out detailed instructions and to maintain attention and concentration for extended periods of time but is able to understand, remember and carry out very short and simple instructions.

      Plaintiff also complains that the ALJ's hypothetical questions did not accurately describe

her RFC.  The Court disagrees.  The ALJ's hypothetical question included all of Plaintiff's limitations which he found the record supported.

In summary, the Court finds that there is substantial evidence in the record to support the Commissioner's denial of Disability Insurance Benefits and Supplemental Security Income Benefits to Plaintiff.  There is sufficient evidence in the record to support the ALJ's assessment that Plaintiff is not precluded from performing unskilled work with no physical limitations.

Accordingly, Plaintiff's appeal is DENIED.  The Clerk is directed to close the case.

IT IS SO ORDERED this 13th day of September, 2007.

                                                          James M. Moody
                                                          United States District Judge